## Tokash, Appellant, *v.* Early Foundry Company et al.

468

Argued March 6, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*H. W. Mumford,* with him *D. R. Reese* and *Welles, Mumford & McGrath,* for appellant.

*R. Law*, with him *Mackie, Murphy & Law* for appellees.

OPINION BY ROSS, J., July 19, 1945:

This case arises under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566; 77 PS 1201, and is for disability caused by silicosis.

Section 301(d) of the Act is as follows: "Compensation for silicosis or anthraco-silicosis, and asbestosis shall be paid only when it is shown that the employee has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard."

In the instant case the referee found as a fact that the claimant had been employed for four years in an occupation having a silica hazard. The board, on appeal, reversed this finding and found that the aggregate of the claimant's exposure to such hazard was less than four years and disallowed compensation. On appeal the Court of Common Pleas sustained the board.

The burden of proof is upon the claimant, and, if the evidence to sustain that burden is not believed by the board, it may decline to grant an award thereon, or if in the opinion of the board such evidence is so indefinite and inconsistent that it cannot be accepted as a basis for a finding which would sustain an award, no compensation need be given. *Seitzinger v. Fort Pitt Brewing Company*, 294 Pa. 253, 144 A. 79.

The testimony discloses that the claimant had two different occupations at different times with the defendant. One was sandblasting, which carried the silica hazard. In the other occupation the claimant carried castings and was a burner's helper in the enameling room where there was no silica hazard. The claimant, relative to his employment in the occupation having the silica hazard, stated that he was sandblasting for three and one-half years. "Q. Were you ever in the sand-

blasting room before you became a sandblaster?" A. "I was assistant. Sure I was in there when I was assistant." Q. "Before that you were not?" A. "I was in there like I mentioned about *three and one-half years.*" (Italics supplied.) Claimant's physician, Dr. L. A. Milkman, testified that from the history of the case as given to him by the claimant, the latter worked as assistant sandblaster and sandblaster for three and one-half years.

Careful examination of the record fails to disclose that the time put in by the claimant in the silica hazard occupation amounts to four years.

The Pennsylvania Occupational Disease Act of 1939, like its prototypes, the Workmen's Compensation Act and the Occupational Disease Compensation Act of 1937, makes the Workmen's Compensation Board the ultimate fact-finding body (Sections 418, 423, 427), *Plaugher v. American Viscose Corporation,* 147 Pa. Superior Ct. 372, 24 A. 2d 698.

This Court has held in a long line of decisions that the Courts may not substitute their findings for those of the board.

In *Walsh v. Penn Anth. Mining Company,* 147 Pa. Superior Ct. 328, 24 A. 2d 51, at page 333, the late President Judge KELLER of this Court states: "Where the decision of the board is against the party having the burden of proof—in this case, the claimant—bearing in mind that a trier of fact is not required to accept even uncontradicted testimony as true (District of Columbia's Appeal, 343 Pa. 65, 79, 21 A. 2d 883, 890) the question before the court is whether the board's findings of fact are consistent with each other and with its conclusions of law and its order, and can be sustained without a capricious disregard of the competent evidence. Unless the answer is in the negative, the order must be affirmed."

Here the claimant worked for this employer for more

than four years, but there was no evidence that four years had been put in in an occupation having a silica hazard. While a claimant may combine periods of exposure in order to reach the required aggregate, he may not include in the computation periods of employment a different and non-hazardous occupation because he happens to have the same employer for both jobs.

We are of the opinion that the board's findings of fact, based upon sufficient, competent evidence and not involving a capricious disregard of the testimony support the conclusion that the claimant was not exposed to a silica hazard for the statutory period so as to be compensable under the Pennsylvania Occupational Disease Act.

Judgment affirmed.