Bingaman, Appellant *v.* Baldwin Locomotive
Works, Inc., et al.

Argued March 13, 1946.  Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*F. Brewster Wickersham,* with him *Metzger & Wickersham, Huette F. Dowling* and *Henry J. Sommer,* for appellant.

*Paul S. Lehman,* for Baldwin Locomotive Works, appellee.

*S. H. Torchia, Ralph H. Behney* and *James H. Duff,* Attorney General, for Commonwealth, appellee.

OPINION BY RHODES, J., April 12, 1946:

The question for determination on this appeal has been stipulated as follows: Did Dallas M. Bingaman's

employment with defendant satisfy the statutory requirement of "an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard"?

Dallas M. Bingaman filed a claim petition on September 9, 1940, and set forth therein that he became totally disabled on December 8, 1939, as a result of silicosis while in the course of his employment with defendant. The employee died on December 6, 1940, and his widow, Dorothy M. Bingaman, then filed a claim petition in her own right and for her dependent minor children on January 13, 1941. The referee awarded compensation under both petitions. The Workmen's Compensation Board eventually affirmed the awards and the findings of fact and conclusions of law of the referee. From the board the defendant and the Commonwealth appealed to the Court of Common Pleas of Mifflin County; the exceptions were sustained, the awards were set aside in both cases, and compensation disallowed. Dorothy M. Bingaman having died, suggestion of death was filed. Charles M. Oldt, Administrator of the Estate of Dallas M. Bingaman, deceased, appealed to this court to No. 10, March Term, 1946, and Charles M. Oldt, Administrator of the Estate of Dorothy M. Bingaman, deceased, appealed to No. 11, March Term, 1946, which appeal is now before us.

It has been stipulated that the same question is involved in both appeals, and that the decision of this court in No. 11, March Term, 1946, will be controlling in the appeal to No. 10, March Term, 1946.

Deceased had been employed as a chipper in defendant's foundry; and the compensation authorities found that he had been engaged in an occupation having a silica hazard, and that his total disability and subsequent death were caused solely by silicosis.

The pertinent provisions of the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, are paragraphs (d) and (g) of section 301, 77 PS § 1401 (d) (g), and paragraph (a) of section 308, as amended, 77 PS § 1408 (a).

To sustain the awards it is necessary that the proofs and findings establish that deceased had an aggregate employment of at least four years in this Commonwealth, during a period of eight years next preceding his disability, in an occupation having a silica hazard, and that defendant was the last employer in whose employment deceased was exposed to such hazard.

Appellant's contention is that deceased's contract of employment continued with defendant from May 11, 1934, until December 8, 1939, a period of five and one-half years. Appellees assert that deceased's employment with defendant, in an occupation having a silica hazard, during the period of eight years next preceding December 8, 1939, the date of his total disability did not exceed three years, six months, and twenty-four days.

The referee and the board found that during the period of eight years next preceding December 8, 1939, Dallas M. Bingaman actually worked in defendant's foundry during the following periods of time: May 11, 1934, to October 15, 1934; February 4, 1935, to June 13, 1935; April 9, 1936, to June 13, 1938; May 1, 1939, to and including December 8, 1939. They also found that deceased worked for defendant in 1923, 1925 to 1928, in 1929, and in 1930; that during these periods he was employed in the capacity of a chipper; that during the eight years preceding December 8, 1939, he had no employment other than with defendant with the exception of lumbering and farm work; and that he accepted from defendant every call for work. It thus appears that deceased's period of employment in 1934 was five months, four days; in 1935, four months, nine days; in 1936 to 1938, two years, two months, and four days; in 1939, seven months, seven days, or a total of three years, six months, and twenty-four days.

Appellant apparently misconceives the import of section 301 (d) of the Occupational Disease Act, 77 PS § 1401 (d), and insists that the continuation of a contract of employment controls this type of case. The board subscribed to this theory and concluded that deceased's employment extended from May 11, 1934, to December 8, 1939, a period of five and one-half years, notwithstanding its finding as to the periods when deceased was employed as a chipper in defendant's foundry. We fully recognize that the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS § 1201 et seq., should be given the same liberal construction that has been given the Workmen's Compensation Act. *Roschak et ux. v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 235, 42 A. 2d 280. But, as the court below in its opinion very well stated, where the requirements of the statute are clear, the intention and meaning of the legislature, as expressed therein, may not be ignored.

Had deceased worked for defendant between the intervals of his employment as a chipper in another occupation having no silica hazard, there could be no recovery although he had been employed by defendant for five and one-half years between 1934 and 1939. In *Tokash v. Early Foundry Co. et al.*, 157 Pa. Superior Ct. 467, at page 471, 43 A. 2d 553, at page 554, in an opinion by Judge Ross, we held: "While a claimant may combine periods of exposure in order to reach the required aggregate, he may not include in the computation periods of employment [in] a different and non-hazardous occupation because he happens to have the same employer for both jobs."

During the periods when deceased was not engaged in defendant's plant as a chipper, he was not exposed to any silica hazard. He was not working at all, or he was farming or lumbering for others.

It is significant that in paragraph (a), section 308 of the act, 77 PS §1408 (a), the Commonwealth can be held liable for a part of the compensation only where the

occupational disease has developed to the point of disablement after an exposure of five or more years. A proviso contains similar language in section 301 (g) of the act, 77 PS § 1401 (g). We desire to make it clear that in our opinion employment in an occupation having a silica hazard (section 301 (d) of the act, 77 PS § 1401 (d)) exists only where an employee is subjected to the hazard of exposure to the dust of silicon dioxide. Act of June 21, 1939, P. L. 566, § 108 (k), 77 PS § 1208 (k); *McGarvey v. Butler Consolidated Coal Co. et al.,* 157 Pa. Superior Ct. 353, 356, 43 A. 2d 623. See, also, *Agostin v. Pittsburgh Steel Foundry Corp. et al.,* 157 Pa. Superior Ct. 322, 43 A. 2d 604; *Tokash v. Early Foundry Co. et al.,* supra, 157 Pa. Superior Ct. 467, 43 A. 2d 553.

Section 301 (d) of the act, 77 PS § 1401 (d), gives a claimant the benefit of any and all employments during a period of eight years preceding the date of his disability. But the aggregate employment for four years during the eight years must be in an occupation having a silica hazard. The aggregate employment must carry with it the hazard for the required time. The extended periods of nonemployment or employment elsewhere involved no such hazard on the part of deceased. It is not, as appellant contends, the mere continuation of a contract of employment that determines a claimant's right to recover under the act. More is required than the continued relationship of employer and employee. Proof of the silica hazard is an essential part of a claimant's case. *Hurtuk v. H. C. Frick Coke Co.,* 157 Pa. Superior Ct. 317, 321, 43 A. 2d 559.

The application of appellant's theory would require substantial change in the statutory law.

We think deceased's noncompliance with the act is clear, and precludes recovery by appellant. On the findings of fact an award could be sustained.

Judgment for defendants affirmed.