## Hartman, Appellant, *v.* Standard Steel Works Company.

Argued March 13, 1946. Before Baldrige, P. J., Rhodes, Hirt, Reno, Dithrich, Ross and Arnold, JJ.

*F. Brewster Wickersham,* with him *Metzger & Wickersham, Donald M. Johnson* and *Robert Stuckenrath,* for appellant.

*Paul S. Lehman,* for appellee.

OPINION BY RHODES, J., April 12, 1946:

This is an appeal by claimant under the Pennsylvania Occupational Disease Act of June 21, 1939, P. L. 566, 77 PS § 1201 et seq. The claim for compensation was disallowed by the referee. The Workmen's Compensation Board affirmed the referee's findings of fact, conclusions of law, and order of disallowance. The court below affirmed the board and dismissed claimant's appeal.

The referee found that claimant was totally disabled on March 21, 1942, as the result of silicosis contracted while in the employ of defendant. Claimant had been employed by defendant at various times, and the periods in the eight years next preceding his disability on March 21, 1942, were as follows: March 21, 1934, to October 22, 1934; July 15, 1937, to June 14, 1938; November 14, 1939, to March 21, 1942. Claimant's period of employment with defendant in 1934 was seven months and one day; in 1937 and 1938, ten months and twenty-nine days; in 1939 to 1942, two years, four months, and seven days, or a total of three years, ten months, and seven days.

Claimant was employed by the Hill Brick Company, Beavertown, Snyder County, Pa., as follows: May 1, 1936, to November 12, 1936; January 19, 1937, to January 30, 1937; March 4, 1937, to July 15, 1937; April 18, 1939, to November 13, 1939. Claimant's employment with the Hill Brick Company did not subject him to a silica hazard. Claimant's employment as a chipper by defendant did involve such hazard.

The referee disallowed compensation for the reason that claimant did not have an aggregate employment for four years in the Commonwealth of Pennsylvania during

a period of eight years next preceding the date of disability in an occupation having a silica hazard. The aggregate employment of claimant with defendant was three years, ten months, and seven days, during the eight years next preceding the date of disability on March 21, 1942.

The Workmen's Compensation Board attempted to distinguish its disallowance of compensation in this case from its award of compensation in *Bingaman v. Baldwin Locomotive Works, Inc.*, 159 Pa. Superior Ct. 29, 46 A. 2d 512, on the ground that in its opinion claimant's contract of employment was not in force during the period prescribed by the act.

The order of the court below will be affirmed.

Claimant has presented the same argument that appellant presented in *Bingaman v. Baldwin Locomotive Works, Inc., et al.*, supra. That case is controlling, and it is not necessary to repeat what we have said in that opinion.

Order affirmed.