# Dzikowski v. Greenwood Mining Co.

Before Eagen and Robinson, JJ.

*Needle, Needle & Needle,* for plaintiff.

*R. S. Houck* and *F. D. Mahon,* for defendant.

ROBINSON, J., April 30, 1951.—This is an appeal, by claimant, from the order of the Workmen's Compensation Board of the Commonwealth. It was stipulated, at the hearing, that the Hudson Coal Company is the actual defendant in the case, Greenwood Mining Company being merely its agent.

The petition claimed compensation for total disability due to occupational disease of anthraco-silicosis and the board found that claimant was totally disabled as a sufferer from the disease of anthraco-silicosis with a superimposed active pulmonary tuberculosis as of March 22, 1948. Compensation was denied claimant however, on a finding that claimant "was exposed to an anthraco-silicosis hazard in the Commonwealth of Pennsylvania for a period of less than four years out

of eight years next preceding the date that his disability began."

No factual dispute exists in respect to claimant's work record. It discloses that he worked, in terms of days, 983 days during the eight years next preceding his disability; that, in terms of periods, he worked in the months of March and April in 1940, and then worked every month in the period from December 1940 to May 1944, inclusive, with the exception of July 1942, and that claimant worked in the mines for the period from September 1945 to September 1947, inclusive, except the months of August and September 1946; that in terms of months the work record discloses he worked in 66 different months during the eight years preceding his disability, and that for 48 of these months he never worked less than 10 days. It is undisputed that when claimant worked he was employed in an occupation in which he was exposed to a silica hazard.

The board found as a fact that claimant actually worked in anthracite mines a total of 983 days during the eight years preceding the disability and held that: "Based on a five day week, claimant worked a total of 196 3/5 weeks or slightly less than 208 weeks (four years) required under the statute." Accordingly, the board dismissed the claim petition.

Section 301 (*d*) of the Occupational Disease Act of June 21, 1939, P. L. 566; 77 PS §1401 (*d*) provides:

"Compensation for silicosis or anthraco-silicosis, and asbestosis, shall be paid only when it is shown that the employe has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard."

It is to be noted, at once, that the statute provides no method by which a claimant's "aggregate employ-

ment of at least four years" is to be computed. The only question here raised is as to the correctness of the board's calculation of the factor which brought it to the conclusion that claimant was exposed to an anthraco-silicosis hazard for a period of less than four years out of the eight years next preceding the date of his disability. It is to be expected, in these cases, that the contentions of claimants and employers, as to the method of computation to be pursued, will vary as the work experience of an individual varies and the basic units of time employed in the calculation of the four year period are varied. There is no authoritative formula to be found in the decisional law. The courts have confined review to an inquiry as to whether the evidence in a given case does or does not support the findings.

It has long been settled that periods of exposure to the hazard may be combined in computation of the requisite four years: Tokash v. Early Foundry Company et al., 157 Pa. Superior Ct. 467; Holahan v. Bergen Coal Co., 164 Pa. Superior Ct. 177.

Defendant employer contends that the basic unit of time to be used is the day. It urges that the word year as used in section 301 (d) of the Occupational Disease Act is defined to mean a calendar year by the provision of the Statutory Construction Act of May 28, 1937, P. L. 1019, sec. 101 (111) ; 46 PS §601. Defendant then argues that a calendar year consists of 365 days and a claimant to meet the requirements of the statute entitling him to compensation for anthraco-silicosis must prove actual exposure to the hazard amounting to 4 x 365 or 1,460 days during the period of eight years next preceding the date of disability. One weakness in this reasoning is that a calendar year also consists of 52 weeks or 12 months.

We cannot accept this contention for, to so hold, we would be compelled to give the word "employment" in

section 301 (*d*) a construction not contemplated by the legislature. The Occupational Disease Act must be liberally, not narrowly, construed if its "remedial and humanitarian purposes are to be effectuated": Nickolay v. Hudson Coal Company, 164 Pa. Superior Ct. 550; Roschak et ux. v. Vulcan Iron Works, 157 Pa. Superior Ct. 227. The word employment must be understood in the sense of its plain and ordinary meaning, which since Biblical times has not meant that a man should labor seven days a week: Exodus 20: 9, 10. An examination of the records and opinions in the cases of Bingaman v. Baldwin Locomotive Works, Inc., et al., 159 Pa. Superior Ct. 29, and Hartman v. Standard Steel Works Company, 159 Pa. Superior Ct. 122 (followed in Ferenz v. Haddock Mining Co., 29 W. C. B. 104-1949) clearly show that the Superior Court there allowed credits for the nonworking days of Saturday and Sunday in determining the claimant's "aggregate employment of at least four years" under the statute.

The Workmen's Compensation Board in article VI of its Rules of Procedure has established three methods for the determination of a claimant's aggregate employment of four years during the eight years preceding the disability incurred in an occupation involving a silica hazard. See 2 Skinner, Pennsylvania Workmen's Compensation Law (4th ed.) 1145. These methods permit the alternative use of three units of time, viz., the calendar year, a calculated work week and the calendar month, in computing the aggregate employment of claimant.

In the instant case the board applied the method of computation based on a calculated week as set forth in subparagraph (*b*) of rule 1, art. VI. This rule provides that an employe shall be deemed to have an aggregate employment of four years under the statute:

"(b) When he has been employed in such an occupation during the 8-year period for total number of work-

ing days equal to four times the number of days the men employed in that industry work during an average year; . . ."

The rule seems to invite challenge in that it measures claimant's employment in terms of the unconnected employment of other workers engaged in the same industry. It is the particular claimant's exposure to the hazard in his employment in each case that is controlling: Tokash v. Early Foundry Company et al., 157 Pa. Superior Ct. 467; Bingaman v. Baldwin Locomotive Works, supra.

In applying article VI, rule 1(*b*) the board first found as a fact that claimant actually worked in anthracite mines, exposed to a silica hazard, a total of 983 days in the eight years preceding disability. It then based the work week on a five-day week, divided the total number of days claimant worked by five and determined that claimant's aggregate employment was a total of 196 3/5 weeks, "slightly less than the 208 weeks required". In this, the board was in error as there is nothing in the record to suggest, let alone establish, the fact that claimant's employment, or even the average industry employment, during the periods involved, was on the basis of a five-day week. The dividend used by the board is established by the evidence, the divisor is not, and in this kind of case the accurate determination of one factor is as important as the other if a just quotient is to be obtained. We must remit the record to the board for further determination on this ground.

There is no merit to claimant's argument that the "work record totals a period of actual work in the silica hazard of 196 3/5 weeks without the addition of Sundays, holidays and vacation periods which . . . should be computed as part of his aggregate employment". When the board arbitrarily adopted a five-day week as a divisor those items entered into the computation.

Now, April 30, 1951, the order of the Workmen's Compensation Board dismissing claimant's petition is reversed, the findings are set aside, and the record is remitted for further hearing and determination in accordance with this opinion.