## Pilkovich v. Hudson Coal Company

Before Aponick, Flannery and Pinola, JJ.

*Thomas L. Kennedy, Jr.*, for claimant.

*Francis D. Mahon*, for Hudson Coal Company.

*Ralph H. Behney*, for Commonwealth.

APONICK, J., July 9, 1951.—This is an appeal by an employer from the Workmen's Compensation Board affirming referee's award of occupational disease compensation to claimant employe.

At the hearing before the referee, appellant employer stipulated:

"That claimant was employed by the defendant, Hudson Coal Company, as a miner's laborer from March 18, 1942, to August 27, 1946, and in the same capacity from July 18, 1947, to July 19, 1947."

Later on the parties stipulated:

"It is agreed by the parties to this proceeding that a comparison of the defendant's work record as it appears in the files of the Hudson Coal Company will be made with the due bills which are now produced by the claimant, and a stipulation on the basis of that comparison will be submitted to the referee for the incorporation into the record in this case."

By letter of January 12, 1948, appellant transmitted to the referee for incorporation into the record "a copy

of the claimant's work record," which is marked defendant's exhibit no. 1. This work record, according to the letter, had been submitted to the compensation department of the United Mine Workers and had the approval of their Mr. Ferry. Exhibit no. 1 shows the number of "man starts" compared with the number of "colliery starts" month by month from March 1942 to July 1947. From these figures, it appears that from March 18, 1942, to July 19, 1947, there were 1,086 "man starts" compared with 1,540 "colliery starts." It is conceded that claimant had 20 days of work in 1941 with another coal company.

The referee found that claimant was employed by appellant in a hazardous occupation for the period March 18, 1942, to August 27, 1946; and from July 18, 1947, to July 19, 1947, and that there was the requisite disability from anthraco-silicosis. Hence the award in claimant's favor, which the board affirmed.

The only question before us is whether claimant has an aggregate of four years of exposure as required by section 301 (d) of the Act of June 21, 1939, P. L. 566, as amended, 77 PS §1401 (d), which reads:

"(d) Compensation for silicosis or anthraco-silicosis, and asbestosis, shall be paid only when it is shown that the employee has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard."

The referee and the board, by computing the time between March 18, 1942, and August 27, 1946, plus two days in 1947, found that claimant had more than four years of exposure. On the other hand, appellant insists that the act requires 1,460 (365 times 4) days of work in a hazardous occupation and that since claimant has but 1,087 days under exhibit no. 1, plus

20 days with a previous employer, or a total of 1,107 days, he lacks 353 days of the requisite 1,460 and is therefore ineligible under the act.

Appellant relies on the Statutory Construction Act of May 28, 1937, P. L. 1019, art. VIII, sec. 101 (111); 46 PS §601 (111), which reads:

"The following words and phrases, when used in any law hereafter enacted, unless the context clearly indicates otherwise, shall have the meanings ascribed to them in this section:

"(111) 'Year,' a calendar year."

A calendar year, according to appellant, consists of 365 days; hence in section 301 (d) of the Act we should substitute "1,460 days" for "four years."

We do not agree with appellant. We will concede that a calendar year contains 365 days, but we cannot bring ourselves to hold that the legislature meant that an employe would have to put in 1,460 days of work to be eligible for compensation. If that was what the legislature meant, they would have said so. When men say they have been employed in an industry for 10 years or 50 years, they do not mean 10 or 50 times 365 days of actual work. Furthermore, if we are to substitute 1,460 days for 4 years, why not substitute 24 times 1,460 hours of actual work for 1,460 days.

Nowhere in the law, and especially in the cases, have we been able to find any support for appellant's narrow and forced interpretation of this remedial legislation. On the contrary, in Bingaman v. Baldwin Locomotive Works, Inc., et al., 159 Pa. Superior Ct. 29, relied upon by appellant, the court itself approved the same method of computation that the referee and board used here. Though the court there refused compensation, it was because there were extended periods of nonemployment and employment elsewhere and the "extended periods of nonemployment or employment elsewhere involved no such hazard on the part of the deceased" (page 34).

The extended periods of nonemployment there, as here, were properly excluded in computing the aggregate time; in our case, the referee and the board did not count the period August 27, 1946, to July 18, 1947.

The same question confronting us was decided adversely to the employers in Pike v. Scott Coal Co. et al., 51 Lack. Jur. 205 and in Sebulock v. Hammond Coal Co., 46 Schuyl. 187. Both cases cited Bingaman v. Baldwin Locomotive Works, Inc., supra. In the Pike case, there was a question about crediting claimant with 10 months of employment even though he worked but 83 days during that period. The court held that since the 83 days were fairly evenly distributed over the entire 10 months, the referee was not in error in giving claimant credit for the full 10 months. We might add here that our examination of appellant's exhibit shows that claimant's 1,087 days were fairly evenly distributed over the period from March 1942 to August 1946. As a matter of fact, appellant's own exhibit shows that in the 52 months between March 1942, through August 1946, claimant worked 6 days in the balance of March, 1942; 11 days in December 1942; 4 days in April 1945; 5 (out of 10 "Colliery Starts") in May 1945; and 9 days in December 1945; and that in the other 47 months, he worked 17, 27 and 28 days (one month); 15 and 16 days (two months); 14, 18, 19, 20 and 23 days (three months); 22, 24 and 25 days (three months); 22, 24 and 25 days (four months); 26 days (seven months), and 21 days (eight months). Claimant himself testified that he had worked in each (twice monthly) pay period.

In the Sebulock case, supra, the employer showed that his employe had only 1,081 days of actual work though the aggregate elapsed time of the periods was in excess of the required four years. The court flatly rejected the employer's contention of non-eligibility.

It is likewise our opinion that the referee was justified in the case before us in finding that there was sufficient compliance with section 301(*d*) of the act.

Accordingly, the appeal is dismissed and the award of the Workmen's Compensation Board is affirmed. Judgment is directed to be entered in favor of claimant and against appellant (defendant), the Hudson Coal Company, and against the Commonwealth of Pennsylvania in the sum of $4,493.32, with interest from this date, being 200 weeks' compensation at the rate of $20 per week, from July 30, 1947, to May 30, 1951, with interest on the unpaid installments from the respective due dates; the Hudson Coal Company to pay 80 percent or $3,594.66 and the Commonwealth of Pennsylvania to pay 20 percent or $898.66, together with interest from this date.