## Angelini, etc., v. Philip Carey Manufacturing Company et al.

*David L. Ullman,* for plaintiff.

*Paul H. Ferguson,* for defendants.

LEVINTHAL, J., May 28, 1952.—This is an appeal from an award made by the Workmen's Compensation Board.

Giovanni Angelini entered the employment of the Philip Carey Manufacturing Company on April 13, 1942, as an asbestos shaker. He remained in that employment until March 2, 1946, when he became totally disabled by reason of asbestosis. He died on April 19, 1947, and the cause of death was given as asbestosis.

The Pennsylvania Occupational Disease Act in its applicable provision reads:

"Compensation for silicosis or anthraco-silicosis, and asbestosis, shall be paid only when it is shown that the employe has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania, during a period of eight years next preceding the date of disability, in an occupation having a silica or asbestos hazard." Act of June 21, 1939, P. L. 566, section 301(d) as amended; Act of May 18, 1945, P. L. 661, section 1; Act of May 14, 1949, P. L. 1379, section 2, 77 PS §1401(d).

Angelini lacked but a few months of the minimum period of four years' employment in an occupation having an asbestos hazard exclusively. In sustaining the award the board took into consideration Angelini's exposure to a silica hazard from October 12, 1936, to April 10, 1942, while employed as a moulders' helper for another employer. By combining the period of exposure to a silica hazard and the period of exposure to an asbestos hazard, the board brought claimant within the aggregate four-year period of exposure required. It is of this interpretation of section 301(d) of the Pennsylvania Occupational Disease Act, supra, that defendant and its insurance carrier complain. They contend that for an award based upon an asbestosis disability there must be a four-year exposure to an asbestos hazard alone, and that as far as asbestosis is concerned, an employment in which there is exposure to a silica hazard is a "non-hazardous" employment.

We agree with the interpretation of the statute expounded in the able opinion of Commissioner Jacoby. Silicosis and asbestosis were not grouped together by the legislature in section 301(d) without some good reason. The medical evidence in this record clearly demonstrates what that reason probably was. Both silicosis and abestosis bring about fibrosis of the lungs. Both diseases are caused by dust breathed into the lungs. In silicosis the silica dust brings about a fibrosis of the lung tissue by a chemical reaction in the lymphatics of the lungs. In asbestosis the asbestos dust brings about a fibrosis of lung tissue by the physical action of blocking terminal portions of air passages. Since exposure to silica dust prior to exposure to asbestos dust may well destroy enough lung tissue to accelerate the progress of a subsequent asbestosis, the legislature clearly intended to provide that an exposure to the one type of dust should be regarded as

hazardous so far as the other dust disease is concerned.

A close study of the language of the statute discloses that the legislature appreciated and acted upon the medical facts referred to above. The act, stripped of irrelevancies, says that compensation for silicosis *and* asbestosis shall be paid when an employe has an *aggregate employment* of at least four years in an occupation having a silica *or* asbestos hazard. The contrast between the use of the conjunction "and" joining the words "silicosis" and "asbestosis", on the one hand, and the use of the conjunction "or" in the phrase "silica or asbestos hazard" is significant. If both conjunctions had been "or" the argument of defendant would have had greater merit. There would then be some justification for the suggestion that the statutory provision should be interpreted as though the word "respectively" appeared at the very end of it. In addition, the word "aggregate" has a persuasive force in the direction of the construction adopted by the board. "Aggregate" not only defines the manner in which the time provision may be computed, but also indicates how the requisite four-year hazard may be composed.

In view of the actual phraseology of section 301(*d*), it is our opinion that a liberal construction thereof requires us to hold that an award of compensation is proper where the employe's disability is due to asbestosis, after an exposure, while employed in this Commonwealth, to both a silica hazard and an asbestos hazard for an aggregate period of more than four years during the period of eight years next preceding the date of disability.

Of course, the finding of the referee that death occurred as a result of "asbestosis without any other complication" cannot serve to nullify the provisions of the statute. This finding of the referee was in fact necessary to satisfy section 301(*e*), which requires that one disease be the sole cause of death. In interpreting that provision it has been stated:

"The deceased did not have to be entirely free of physical infirmities save the fatal silicosis in order for that disease to be the sole cause of death within the meaning of the Act. The mere existence of some independent physical weakness, as a passive factor in causing death, is insufficient to deprive the silicosis of its character as the sole producing cause which terminated the employe's life": Holahan v. Bergen Coal Company et al., 164 Pa. Superior Ct. 177, 180 (1949).

The referee's finding must therefore be restricted to its function under section 301(e). The referee obviously had no power to find that the prior exposure to silica did not weaken the lungs so as to hasten the action of the asbestos dust, for the statutory provision is based on the assumption, supported by medical opinion, that it will do so in most instances.

Defendant primarily relies upon Tokash v. Early Foundry Company et al., 157 Pa. Superior Ct. 467 (1945), and Bingaman v. Baldwin Locomotive Works, Inc., et al., 159 Pa. Superior Ct. 29 (1946). As the Workmen's Compensation Board pointed out in its opinion, these cases are not relevant and have no application to the instant case because their facts are so basically different. In the Tokash case, the Workmen's Compensation Board found as a fact that claimant had had less than four years of exposure to a silica hazard. The court on appeal stated it might not substitute its findings of fact for those of the Workmen's Compensation Board, and that in order to reach the four-year period it could not add "a different *non-hazardous* occupation for the same employer." (Italics supplied). The Bingaman case is similar. Adding up all claimant's exposures to *any* hazard, the total period of exposure was less than four years. The court noted that the extended periods of nonemployment or employment elsewhere than with defendant involved *no* hazard on the part of the deceased.

In conclusion, it is fitting to recall the doctrine of interpretation applied by our Superior Court to the Workmen's Compensation Act.

" 'When the design of the Legislature is not clearly apparent, it is always to be presumed that a statute was intended to have the most reasonable and beneficial operation that its language permits. And when a statute is ambiguous in terms or fairly susceptible of two constructions, the injustice, unreasonableness, absurdity, hardship, or even the inconvenience which may follow one construction may properly be considered and a construction of which the statute is fairly susceptible may be placed on it that will avoid all such objectionable consequences and advance what must be presumed to be its true object and purpose' ": Ottavi v. Timothy Burke Stripping Company, 140 Pa. Superior Ct. 389, 395 (1940).

To adopt the contention of appellant would require the repudiation of this sound policy of law repeatedly laid down by our courts.

### Order

And now, to wit, May 28, 1952, the appeal is dismissed and judgment is entered in favor of Giovanna Angelini, the sole surviving dependent of Giovanni Angelini, in the sum of $1,160 and against defendant, Philip Carey Manufacturing Company, and Pennsylvania Manufacturers' Association Casualty Insurance Company, and the Occupational Disease Fund in the State Workmen's Insurance Fund of the Commonwealth of Pennsylvania, in the sum of $1,160, representing compensation due from March 10, 1946, to April 19, 1947, at the rate of $20 per week, together with interest on the due and unpaid weekly payments from the respective due dates thereof, according to section 410 of the act, the liability for the payment of the judgment with interest as aforesaid to be borne

by defendant and the insurance carrier in the proportion of 80 percent and the State Workmen's Compensation Fund in the proportion of 20 percent.