Milavech *v.* Berwind-White Coal Mining Company et al., Appellants.

Argued November 15, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Robert G. Rose,* with him, *Francis A. Dunn,* for appellants.

*George Jerko,* submitted a brief for appellee.

OPINION BY ROSS, J., January 17, 1956:

On this appeal from a judgment entered on an award under the Occupational Disease Act of June 21, 1939, P. L. 566, 77 P.S. sec. 1201 et seq. the defendant-employer and its insurance carrier raise the single question whether the claimant, Andrew Milavech, was exposed to the silica hazard for the requisite minimum time as provided in section 301(d) of the Act, 77 P.S. sec. 1401(d).

The referee and Board, sustained by the lower court, found these facts which are undisputed and not attacked by appellants here: Claimant was first employed by the defendant in 1914 when he began working at its mine at St. Michael, Pennsylvania. He continued this work and was exposed to the silica hazard from that time until March 1938. He was not again employed until he re-entered defendant's employ on June 8, 1949 at the same mine (again exposed to the silica hazard) where he worked until October 21, 1953 when he became totally disabled by anthraco-silicosis accompanied by secondary pulmonary emphysema. While this latter employment from 1949 to 1953 covers a period of four and one-third years, it is appellants' position that by reason of the sporadic working conditions in the coal industry and claimant's absences, he has not met his burden of showing that he "had an aggregate employment of at least four years in the Commonwealth of Pennsylvania during a period of eight years next preceding the date of disability, in an occupation having a silica . . . hazard." Section 301(d) of the Act. It is undisputed that during the 1949 to

1953 period claimant worked 717 days out of a total of 829 days during which defendant's mine operated. Percentage-wise, he worked 86% of the time the mine operated. His absences were due to illness.

Section 301(d) does not require a claimant to show an aggregate of four 365-day years in order to qualify. Cf. *Kraesko v. Black Lick Mining Co.,* 175 Pa. Superior Ct. 455, 106 A. 2d 665, allocatur refused 175 Pa. Superior Ct. xxv, where we held that a claimant who worked a total of 753 days during a period of 5¼ years, was entitled to compensation. If something less than four calendar years is required, how much less, and more particularly has this claimant met the minimal requirements? We believe that he has.

There is no dispute that claimant is disabled by reason of silicosis, nor that during his employment, not only from 1949 to 1953 but from 1914 to 1938, he was exposed to the silica hazard. Silicosis is an insidious thing, taking a number of years of constant inhaling of the minuscule silica dust particles to build up to a point where its victim is no longer capable of following his employment. Cf. *Roschak v. Vulcan Iron Works,* 157 Pa. Superior Ct. 227, 236, 42 A. 2d 280, allocatur refused 157 Pa. Superior Ct. xxiii. Since the purpose of the Act is to provide compensation for those workmen who have been disabled because of the hazard, the essential consideration is one of cause and effect— the exposure must cause the disability. The Legislature, as a guide in so determining, and possibly to deter spurious claims, provided the four year minimum period as the line below which disability would not be considered as having resulted from exposure. The provision, however, is a general one, lacking explicit instructions on its application to specific cases. Consequently it is necessary in each case to determine each claim on the basis of its particular facts, keeping con-

stantly in mind the humane purpose of the Act and the mandate to construe and apply it liberally. *Toffalori v. Donatelli Granite Co.*, 157 Pa. Superior Ct. 311, 315, 43 A. 2d 584.

When the cause and effect are adequately shown, as they have been here by the undisputed competent medical evidence, the time provisions are not to be applied with undue strictness. Individual cases, like the individual disabilities, must be individually determined. The Legislature intended no strict and unreasonable, cold and arbitrary measure of providing compensation; instead it set this general policy, leaving to the compensation authorities' determination each case upon its own merits within the bounds of this policy. Accordingly, the Workmen's Compensation Board, in order to carry out the purpose of the Act consistent with the general minimal requirements of 301(d) has set up in its Rules of Procedure, Rule (1), Article 6, 77 P.S. Appendix 431, alternate categories, any of which will bring a claimant within 301(d) of the Act: "(a) When during any four (4) calendar years . . . in the preceding eight (8) years he has been employed in such an occupation; or (b) when he has been employed in such an occupation during the eight-year period for a total number of working days equal to four times the number of days the men employed in that industry work during an average year; . . . or (c) When he has been employed in such an occupation during any forty-eight calendar months during the eight-year period . . ." While claimant here does not fall within section (b), he does qualify under both sections (a) and (c). He was employed during the calendar years 1949 to 1953, and in actual months, he was employed and exposed during forty-nine months. Of course, we do not mean that merely some exposure each month for forty-eight months is sufficient; but rather that the exposure must

be substantial and constant, and bear relation to the cause of disability. The facts here show that it does. Claimant's exposure from 1914 to 1938 cannot be considered, of course, in determining the time under 301(d), not only because it is not within the eight years preceding disability, but additionally because the exposure was prior to the enactment of the Occupational Disease Act. Cf. *Anderson v. Sunray Electric, Inc.*, 173 Pa. Superior Ct. 566, 98 A. 2d 374. The Board, however, could not fail to realize that in 1949 when claimant walked into defendant's mine, he was not entirely a newly employed and robust-lunged individual, but rather one who needed a somewhat lesser amount of silica to disable him. The next four and one-third years' exposure proved enough.

Appellants assert, however, that claimant has numerous absences which broke the continuity of his exposure and thus made it sporadic and not such as would qualify. We cannot agree. His absences were seldom more than one or two days, except that on two occasions, he did not work for an entire month, and two occasions when he was off fifteen days. He worked for no other company, nor were his absences such as to impair the regularity of his exposure.

Appellants' position that claimant must have worked a number of days equal to 50% of the total working days available over the preceding *eight* year period must be rejected. The determining factor is the four year period, the only purpose of the eight year requirement being that the four years exposure must have been accumulated *within* the over-all period of the eight preceding years. There can be no set mechanical formula laid down which must be applied with mathematical certainty in each and every case, striking down those which fall just below the line and compensating those who come just above it. Nor can we set forth

any percentage formula applicable to all cases, for with the sporadic nature of the working conditions in the coal industry, we would most certainly do an injustice to some while compensating others who were undeserving. For example, if we were to set down a figure of 50% of the available working days over a four year period as the test, we would find that a man who worked for a company which worked but one hundred days out of each year, would qualify for compensation if he worked 201 days in four years; while a man who worked for a company which operated three hundred days out of each year, would be disqualified even though he worked 590 days total in four years. Such an arbitrary mechanical system would be unreasonable and unfair, in addition to bearing no relationship whatever to a determination of the cause and effect aspect of silicosis.

*Bingaman v. Baldwin Locomotive Works*, 159 Pa. Superior Ct. 29, 46 A. 2d 512, relied upon by the appellants is clearly distinguishable. In that case, the claimant was *employed* by the defendant for a period of more than four years, but his employment was not one which bared him to the hazard of silica at all times nor with sufficient constancy to qualify him. He simply failed in his proof of *exposure* to the hazard. Here, there is no question that claimant was exposed to the hazard during the entire term of his employment, the only problem being whether the period was of sufficient length to warrant concluding that he was exposed for an aggregate of at least four years.

We can only conclude in this case as we did in *Kraesko v. Black Lick Mining Co.*, supra, 175 Pa. Superior Ct. 455, 106 A. 2d 665, at page 459, "The continuity of claimant's employment was not impaired by absences from work for short periods because of emergencies personal to him or applicable to appellant's

operation. The mine operated in a consistent manner, and with sufficient regularity to give claimant, whose continuous employment substantially coincided with the mine's operation, the necessary aggregate of four years' exposure during the statutory period." Consequently, we agree with the compensation authorities and the learned court below that the claimant sustained his burden of showing sufficient exposure to meet the requirements of section 301(d) of the Act.

Judgment affirmed.