## Hallman, Appellant, *v.* Starr Printing Co.

*Negligence—Husband and wife—Dependency—Question of fact —Workmen's compensation act.*

A woman is not entitled to recover damages for the death of her husband under the Workmen's Compensation Act of June 2, 1915, P. L. 736, where it appears that she was an inmate of an insane asylum of the State for fourteen years prior to her husband's death,

that her husband had not seen her for at least ten years before he died, and that he had contributed nothing to her support during the time she was in the hospital.

The question of dependency is primarily one of fact, and a question of fact under the statute must be disposed of by the referee, or on appeal, by the Workmen's Compensation Board.

Argued Oct. 10, 1918. Appeal, No. 155, Oct. T., 1918, by plaintiff, from order of C. P. No. 2, Philadelphia Co., Dec. T., 1917, No. 2854, dismissing appeal from finding of Workmen's Compensation Board in case of Linwood L. Hallman, Substituted Guardian of the Estate of Laura J. Bennett Cauffman also known as Laura B. Cauffman, a lunatic, v. Starr Printing Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and WILLIAMS, JJ. Affirmed.

Appeal from finding of Workmen's Compensation Board.

*Error assigned* was order dismissing appeal.

*John Hyatt Naylor,* for appellant.

*Layton M. Schoch,* with him *George H. Detweiler,* for appellee.

OPINION BY HENDERSON, J., January 3, 1919:

The principle involved in this case is substantially covered by the decision in Karpati v. Cambria Steel Co., 70 Pa. Superior Ct. 202. The proceeding is one to charge the defendant under the Employers' Liability Act of 1915. The claimant is a representative of the widow of the employee who was killed March 14, 1916. His wife became an inmate of the State hospital for the insane at Wernersville on August 13, 1902, and so continued up to, and after, the time of her husband's death. Her husband had not seen her for at least ten years before he died, nor had he contributed anything to her support during the

time she was in the hospital. The responsibility of the defendant is purely statutory and the right of the claimant only arises when the conditions prescribed by the statute are found to exist. It is provided in clause 9 of section 373, as follows: "No compensation shall be payable under this act to a widow unless she was living with her deceased husband at the time of his death or was then actually dependent on him for support." Giving to the language quoted its usual meaning it cannot be successfully contended that the wife of the decedent was living with him at the time of his death. The family relation had been broken up many years before and no semblance of a domestic establishment was maintained. The husband had not even visited his wife for many years and held no communication with her by contribution to her support or otherwise. Nothing disclosed in the case would support a conclusion that the parties ever would live together again.— The only other ground of claim is that the wife was actually dependent on her husband for support at the time of his death. The question of dependency is primarily one of fact and a question of fact under the statute must be disposed of by the referee or on appeal by the Workman's Compensation Board. It does not appear how the claimant was maintained at the hospital but presumably the State met that burden. The dependency necessary to be shown is actual dependency. This the referee and the board found did not exist. If the question were before us as one of fact we would reach the same conclusion but we are only concerned with any question of law which may be brought up by appeal.

We think no question of law is raised by the record and the judgment of the court must therefore be affirmed.