## Todd et ux. v. Lehigh Valley Coal Company.

*Roger Dever,* for plaintiffs; *D. W. Kaercher,* for defendant.

HOUCK, J., March 18, 1929.—The referee awarded compensation for total dependency to William Todd and Rose Todd, the parents of John Todd, who sustained accidental injuries while in the course of his employment on Feb. 3, 1928, which resulted in his death on the same day. The award was affirmed by the Workmen's Compensation Board, and the defendant has appealed to this court. The defendant filed four exceptions to the decision of the compensation board. All of them raise the single question whether there is any legal competent evidence to sustain the referee's finding of fact, affirmed by the board, that the claimants were totally dependent upon the deceased employee at the time of the accident.

This case is governed by section 307 (5) of the Workmen's Compensation Act, as amended by section 2 of the Act of Assembly approved April 13, 1927, P. L. 186, which provides: "If there be neither widow, widower nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employee at the time of the accident, 25 per centum of wages, but not in excess of $5 per week: Provided, however, that in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed; and provided, further, that if the father or mother was totally dependent upon the deceased employee at the time of the accident, the compensation payable to such father or mother

shall be 45 per centum of wages, but not in excess of $10 per week." The deceased employee was not a minor and the case does not rest upon any presumption. Hence, the burden was on the claimants to show affirmatively that they were dependent upon the deceased employee at the time of the accident: Corcoran *v.* Pennsylvania Coal Co., 76 Pa. Superior Ct. 325. Dependency is a question of fact to be determined by the referee and the compensation board: Hallman *v.* Starr Printing Co., 70 Pa. Superior Ct. 562. "If the finding of dependency is based on any evidence or on an inference fairly deducible therefrom, the award must be sustained, though we might differ from the conclusion thus reached. We cannot substitute our judgment for that of the referee or the board, as the Compensation Act has delegated to them the exclusive function of determining these facts:" Morris *v.* Yough Coal and Supply Co., 266 Pa. 216, 219. It follows that the only question of law involved in this appeal is whether there was any evidence to sustain the finding of total dependency: Faucett *v.* Philadelphia Rapid Transit Co., 89 Pa. Superior Ct. 449. If the record contains evidence to show that the claimants were totally dependent on their son at the time of the accident, the award must be sustained, whether the proof be meager or plentiful, weak or strong: Gailey *v.* State Workmen's Insurance Fund, 286 Pa. 311, 317.

An examination of the record discloses evidence showing that the deceased employee was over twenty-one years of age, single, that he lived with his parents, and that a widowed sister of the decedent and her two young children also lived in the household. There is testimony to show that the decedent earned $25.90 per week; that he contributed every penny of his earnings to his parents; that this was the only income they had at the time of the accident and their sole source of support. It was testified that the decedent's father became totally disabled in January, 1928, prior to his son's death; that he is suffering from chronic bronchitis and nephritis; and that his total disability will probably be permanent. It was shown that the claimants purchased the home in which they live in 1922 for $2600; that they still owe at least $1300 on this property, and that they have no money whatever in bank. The fact that the claimants purchased the property in 1922 and reduced the debt thus created from the time of purchase to the date of the death of the decedent is not conclusive proof that the claimants were not totally dependent upon the decedent at the time of the accident. When the property was purchased, the decedent and his father were both wage-earners. At the time of the accident, only the son was a wage-earner. Under the terms of the act, the question to be determined is dependency at the time of the accident, not at a time prior thereto. Viewing the evidence in the light of the principles referred to above, we cannot say that the referee's finding of fact that the claimants were totally dependent upon their deceased son at the time of the accident is wholly without competent proof to sustain it. There is competent proof which, if believed by the compensation authorities, is sufficient to sustain the essential finding of fact. As we have already indicated, it is not for us to weigh the evidence. Our power is limited to the inquiry whether there is any competent evidence to sustain the findings of fact and whether the law has been properly applied. The finding of total dependency being supported by competent proof, and the award, based on that finding, being for the proper amount, the award must be affirmed.

The defendant's exceptions are dismissed, the award is affirmed, and judgment is entered in favor of the claimants in the sum of $3000.

And now, March 18, 1929, an exception is allowed defendant and bill is sealed.

From M. M. Burke, Shenandoah, Pa.