## Jones *v.* Heintz Mfg. Co., Appellant.

Argued December 15, 1931.

Before TREXLER, P. J., KELLER, LINN, GAW-THROP, CUNNINGHAM, BALDRIGE and STADTFELD, JJ.

*Henry R. Heebner,* and with him *Morgan, Lewis & Bockius,* for appellant.

*Maxwell Pestcoe,* and with him *G. A. Wilderman,* for appellee.

OPINION BY TREXLER, P. J., March 5, 1932:

This is a compensation case. The claimant suffered the loss of the thumb, index and middle fingers of his left hand. The Referee found that he had not lost the use of the member for industrial purposes and that his injury had been compensated. On appeal to the Workmen's Compensation Board, the Referee's decision was reversed and compensation to the claimant for the loss of the industrial use of his left hand was provided. The court below affirmed the decision of the Workmen's Compensation Board and defendant appealed.

The doctor who testified as an expert, stated that the claimant had "the amputation of the thumb at the second joint; amputation of the index finger at the first; and amputation of the middle finger just proximate to the distal end of the first phalange," or to express it in ordinary diction, the man retained the use of his little finger and the second finger, but has only the short stumps of the other two fingers and of the thumb. He further stated that the claimant had the industrial loss of the use of the left hand that "the ring finger was so far removed from the first fingers that prehension does not obtain." The hand was useless, except that "you might use it as a pusher or hook."

The claimant deposed that sometime after the injury he had gone to work on a small punch press at the establishment of the employer in whose employ

he had been when the injury occurred, that the only use he made of his left hand was just to balance the object that he was holding, that his grip was in his right hand and that at present he is not working at all and unable to get any work owing to his physical disability.

Dr. Basney was called by the defendant and testified that the claimant would have some little difficulty to handle the large presses, but he could help on them or could operate smaller presses "whereby both hands must be used to hold the stamping or other metal for blanking purposes." "He was very well able to do these jobs."

It is admitted by the appellant that the question as to whether or not an employee has suffered the loss of the use of his hand is a question of fact and that the findings of the Referee or of the Board thereto are final and not the subject of review by the appellate courts, with this qualification that the finding of fact must be supported by competent evidence. The Board evidently accepted the testimony of Dr. Blakeslee. Dr. Blakeslee was entirely disinterested in the matter, while the other doctor, Dr. Basney, from the language he employs, we infer was directly connected with the defendant company and without impeaching his veracity, his interest in the matter might have led the Board to accept the testimony of Dr. Blakeslee in preference to his. Moreover, the hand itself of the injured employee was in evidence and it, coupled with the opinion of the expert witness, was sufficient to justify the awarding of compensation for the loss of the industrial use of the member. Under such circumstances, it is not within our province to interfere.

The action of the lower court in dismissing the exceptions and the appeal from the Workmen's Compensation Board is affirmed.