Franey et ux., Appellants, *v.* Glen Alden Coal Company.

Argued March 7, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*E. C. Marianelli,* for appellant.

*J. H. Oliver,* and with him *Franklin B. Gelder,* for appellee.

OPINION BY PARKER, J., July 14, 1932:

The claim of the appellants for compensation, based on their partial dependency on a son of full age, who was killed by an accident, was not allowed by the referee on the ground that such dependency did not exist. The board on appeal made an award to the claimants and found the facts necessary to sustain its action, including the specific fact of partial dependency. On appeal to the court of common pleas the award was set aside and judgment entered for the defendant. The questions presented to us are whether there is competent evidence to support the findings and whether the law has been properly applied to them: Rodman v. Smedley, 276 Pa. 296; Laraio v. Penna. Railroad Co., 277 Pa. 382.

The only evidence submitted to the referee was that of the claimants, from which it appears that James Franey, the deceased employee, died on December 17, 1929, aged twenty-one years and ten months, as a result of an accident occurring in the course of his employment with the defendant company, that prior thereto he had each month turned over to his parents his entire earnings and that the parents returned to

him each pay day a small sum for spending money. The family of the claimants included four boys and two girls, Jack aged fifteen, a high school student, Joe aged seventeen, Catherine aged nineteen, James aged twenty-one, Dorothy aged twenty-two and Harry aged twenty-four, all of whom lived at home in a property owned by the claimants. Harry and Dorothy paid a stipulated amount for board and Joe and James turned over to the parents their entire earnings. When the members of the family were gainfully employed, the income of the parents, exclusive of James' earnings, was $322.74. It is conceded by appellee in their brief that the fixed regularly recurring monthly expenses, including the maintenance of James, amounted to $314.48. It was also testified that the family contributed to the church $7.50 per month, exclusive of special assessments which were levied from time to time. The daughter, Catherine, had been ill for some time, was operated upon by a surgeon and on account thereof the parents became obligated for hospital bills, physicians' and surgeons' fees. It had been necessary to install a bathroom in their house and make certain repairs to the plumbing, the cost of which was $548.78.

All of these expenses were incurred within six months prior to the death of the employee and were in addition to those conceded by appellee. Within this period a hospital bill of $600 was paid and several hundred dollars were expended for surgeons' fees, physicians and dentists. Within a period of thirty days prior to the death of the employee, payments were made on account of these extra expenditures of more than was received from the earnings of James. The son, Joe, had had an operation for appendicitis and was unable to work from July until November 2, 1929. It will be noted that the family budget was practically balanced assuming that every member of the family worked each day, which was not the case, and that the expenses were limited to those conceded by

appellee and which were regular and recurred each month.

The learned judge of the court below excluded from consideration the bills of the physicians and surgeons and plumbing on the ground that the doctor's bill "was casual and in no sense a fixed charge," and the plumbing bill on the ground that it "was incurred for a permanent improvement to claimants' dwelling house property, and, as such, essentially a capital investment." The bills incurred for the fees of the physicians, dentist and surgeon and the charge of the hospital belong in the class of ordinary necessaries of life, suitable for persons in any class and position, and formed a proper basis for determining the dependency of the parents. The plumbing bills, which included a bathroom and repairs, were proper items for consideration and for which some allowance could be made. When these items are given due weight, there was ample evidence to support the conclusions of the board, which is the fact-finding body.

The Workmen's Compensation Act of 1915, as amended, gives compensation to a father or mother "if dependent to any extent upon the employee at the time of the accident." The deceased being of full age, the burden was on the claimants to show affirmatively that they were dependent upon the deceased employee at the time of the accident. Dependency is a question of fact to be determined by the referee and compensation board: Todd v. Lehigh Valley Coal Co., 297 Pa. 302.

"No rigid rule can be laid down as to the amount or character of evidence necessary to show actual dependency; therefore, each case must be controlled by its own circumstances. But the term actual dependency does not mean sole and exclusive support. It includes as well partial support, and the query arises, were the contributions needed to provide the claimant (recognized as such by the statute) with some of the

ordinary necessaries of life suitable for persons in her class and position? It does not mean that the claimant should reduce her expenses to such an amount that she could secure a subsistence for herself without the contributions from the deceased employee, in this case her husband: Morris v. Yough Coal Supply Co., 266 Pa. 216, 220.'' The expenses, which are conceded by the appellee to be proper items for consideration in determining the needs of the parents, more than consumed their earnings, exclusive of those received from the deceased employee. The additional income which was regularly received, by an appropriation of the earnings of deceased, was required to provide such additional necessities as physicians', surgeons', and dentist's fees and repairs. The fixed regularly recurring expenses made no allowance for items which are as fixed but do not occur at regular intervals. In any family budget expenses of this character are constantly arising. It was for the referee or board to take into consideration all of the evidence on this subject and then determine whether the contributions made by deceased were needed to supply the parents with some of the ''ordinary necessaries of life, suitable for persons in their class and position.'' We are all of the opinion that there was competent evidence to support the findings of the compensation board and that the law was properly applied by that body.

The judgment of the common pleas is reversed, and the record remitted to the lower court with direction to enter judgment on the award of the board.