Maskovyak et ux., Appellants, *v.* Sonman Shaft Coal Company.

Argued April 18, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*George Jerko,* with him *Llewellyn E. Lloyd,* for appel-
lants.

*Francis A. Dunn,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1944:

This appeal in a workmen's compensation case, is by
the parents of John Maskovyak, who was killed in the
course of his employment on July 15, 1941, when 27
years of age. The claimants filed a petition for com-
pensation on their own behalf and on behalf of their
14 year old twin children, alleging partial dependency.
The evidence established that in the year prior to the
accident the father earned $1,309.12, John the deced-
ent $1,305.95, and Mike, Jr., another adult son, $1,229.13,
or a total of $3,844.20. The only witness called was
the mother who testified that the boys and their father

gave her all their earnings and that she paid the family expenses, which were estimated to be about $3,485.66 annually. In detailing the current household expenses she said under direct examination that their bills for groceries, meats, etc. usually were between $125 and $130 a month, but upon cross examination she finally said that those expenditures may not have averaged more than $70 or $75. She included in the total annual expenses payments on an automobile, the title to which was in the name of the deceased son, $285.34, for gasoline, oil, etc. $116, repairs to the car $81.05, and an item of $311 for the installation of a heating plant for the home.

The referee found as follows:

"Ninth. That in this case if we take as a basis the father's earnings of $1309.12, plus reasonable board paid by the two sons, the family would have sufficient to meet their annual expenses, this deduction by your Referee is not merely inferred but also based on statements of the claimants that they had no savings, owned no stocks and bonds, had no bank account—they did own their own home which was free of indebtedness; that the proof offered is in no way satisfactory to show dependency; that it is all out of proportion and tends to show that considerable money was spent in this household, whether it was by the father or the two sons, which did not enter into upkeep of the home in the standard of living to which they were accustomed.

"Tenth: That considering all the evidence in this case your Referee is unable to resolve the facts in favor of the claimants that they were dependent to any extent upon the decedent at the time of his death, and their claim will, therefore, have to be disallowed."

The board in affirming the referee stated that the record showed that the automobile was bought by the son and put in his name, and that the mother's explanation that this was just a convenient arrangement be-

tween the decedent and the family was extremely weak. "We cannot escape the conclusion from an examination of the whole account and a review of all the testimony that there has been quite a bit of 'padding' throughout." The board further expressed incredulity that $410 was spent for clothes as claimed. The findings and conclusions of the board upon appeal were sustained by the court. Our duties are confined to reviewing the testimony to ascertain if there was sufficient competent evidence to sustain the findings of the board and support its conclusions of law.

There was no presumption of dependency on this deceased adult son and therefore the burden was on the claimants to show affirmatively that they were dependent to some degree on him at the time of the fatal accident: *Todd et ux. v. Lehigh Valley Coal Co.*, 297 Pa. 302, 146 A. 893. No unbending rule is laid down as to the character of evidence necessary to show actual dependency; each case is controlled by its own evidence. The compensation authorities, who pass upon the credibility of witnesses and determine the factual issues, were not required to accept even the uncontradicted testimony of the mother: *District of Columbia's Appeal*, 343 Pa. 65, 21 A. 2d 883. We discover nothing in this record to justify our holding that the findings of fact are inconsistent with each other or that the conclusions of law are not sustained thereby and are in capricious disregard of the competent evidence. *Walsh v. Penn Anthracite Mining Co.*, 147 Pa. Superior Ct. 328, 24 A. 2d 51; *Schrock v. Stonycreek Coal Co. et al.*, 152 Pa. Superior Ct. 599, 33 A. 2d 522.

The appellant cited *Franey et ux. v. Glen Alden Coal Co.*, 105 Pa. Superior Ct. 448, 161 A. 433, in support of the contention that the entire amount for the installation of a furnace should have been considered as an annual expense together with the other alleged necessary items. After stating that the bills incurred for a

physician belonged to the class of ordinary necessities of life, we there said p. 451, that the plumbing bills, which included installation of a bathroom, etc., were proper items for consideration for which *some allowance* could be made. We did not hold that the compensation authorities were bound to find that a permanent improvement, such as the cost of a furnace, with a potential life of a number of years, must be considered as an annual expense and not amortized over its reasonably prospective useful period.

Dependency is a question of fact for determination by the compensation authorities: *Hallman v. Starr Printing Co.*, 70 Pa. Superior Ct. 562, 564; *Kovatch et ux. v. Durkin et al.*, 116 Pa. Superior Ct. 192, 195, 176 A. 507. It is useless, therefore, for us to discuss the testimony in any detail, or make any further reference to the various items that the mother stated were current expenditures necessary for the family's maintenance. We are in accord with the lower court that there was sufficient competent evidence to support the findings of the board and its conclusions of law.

Judgment is affirmed.