Gaich *v.* Kerlin Construction Co., Inc., Appellant.

536

Argued November 16, 1951. Before RHODES, P. J.,
HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER,
JJ.

*Robert W. Smith, Jr.,* with him *Smith, Best & Horn,*
for appellants.

*Joseph M. Loughran,* for appellees.

OPINION BY GUNTHER, J., January 17, 1952:

Theodore Gaich, 19 years of age, was killed on March 12, 1949, as the result of an accident occurring in the course of his employment with Kerlin Construction Company, appellant. George and Sophia Gaich, parents of the deceased minor, filed a claim petition seeking workmen's compensation but the referee disallowed compensation on the ground that claimants were not dependent to any extent upon the minor decedent at the time of his death. The board reversed and

awarded compensation and found that claimants were partially dependent upon the decedent within the meaning of §307(5) of the Workmen's Compensation Act as amended by the Act of 1939, P. L. 520, 77 PS §561.[1] The court below affirmed the award; the employer and its insurance carrier have now appealed. The question is whether there is legally sufficient evidence to support the findings of the board that the claimants were partially dependent upon the decedent's earnings.

The board found that ". . . decedent . . . contributed all of his earnings to the claimants herein which moneys were used for the payment of the expenses incident to the operation of claimants' home, including also the payment of medical, surgical and hospital bills incurred by reason of the illnesses of the claimants herein" and further that ". . . the contributions of the decedent were needed to supply his parents. With some of the ordinary necessaries of life suitable for persons in their class and position by reason of which the claimants were partially dependent upon the decedent for support".

The testimony establishes that Sophia Gaich, one of the claimants, is 65 years old; that the household consisted of her husband, herself and her son, Theodore, the deceased. She testified that the deceased contributed all of his earnings to her, from which monies she paid for groceries and other expenses incident to the maintenance and operation of the family home; that some of the monies were used for the payment of doctor bills for herself and her husband; that she had

---

[1] The Act of 1939, P. L. 520, §307(5), 77 PS §561, in effect on the date of death, reads in part: "If there be neither widow, widower, nor children entitled to compensation, then to the father or mother, if dependent to any extent upon the employe at the time of the accident, .. . . Provided, however, That in the case of a minor child who has been contributing to his parents, the dependency of said parents shall be presumed . . .".

been under the care of a general practitioner and specialist for a period of about five years prior to the death of her son; that the husband was also under the care of a doctor for the treatment of ulcers. The father testified that in 1947 he was afflicted with an ulcer condition requiring medical and hospital treatment; that since that time he has been able to work spasmodically. The physical condition of the father and mother was corroborated by medical testimony. Another son testified that because of the poor financial condition of the claimants it was necessary for him to start contributing to the support of his parents about three days after the death of his brother, Theodore. Cf. *Howard v. McClane*, 146 Pa. Superior Ct. 212, 22 A. 2d 225.

The referee found and the appellants here contend that the presumption of dependency, as provided for in the Act of 1939, supra, has been rebutted for the reason that the father testified, and his wage records established, that for one year prior to his son's death he earned more in wages than the *household* expenses for the equivalent period; that, therefore, the earnings of the father were "more than adequate to meet all of the admitted family expenses". There was evidence, however, clearly establishing that the father was sickly, lost considerable time from work because of his illness and became delinquent in the payment of bills for necessaries; that the mother also needed constant medical care. Appellants' argument by analyzing the appellees' budget over a period of time prior to the date of death fails to consider, however, these medical, hospital and surgical expenditures which the parents needed. It was proper for the board to consider these expenses. In *Franey v. Glen Alden Coal Co.*, 105 Pa. Superior Ct. 448, at 451, 161 A. 433, it was said: "The bills incurred for the fees of the physicians, dentist and surgeon and the charge of the hospital belong in the

class of ordinary necessaries of life, suitable for persons in any class and position, and formed a proper basis for determining the dependency of the parents. The plumbing bills, which included a bathroom and repairs, were proper items for consideration and for which some allowance could be made. When these items are given due weight, there was ample evidence to support the conclusions of the board, which is the fact-finding body."

It has been held that the term "dependency" in the statute contemplates actual dependency and must affirmatively appear in the record as a fact. *Morris v. Yough Coal & Supply Co., .266* Pa. 216, 109 A. 914. It has also been held that no fixed or unbending rule has been enunciated regarding the character of evidence necessary to show actual dependency; each case is controlled by its own evidence. *Maskovyak v. Sonman Shaft Coal Co.,* 155 Pa. Superior Ct. 411, 38 A. 2d 345. The question of dependency was a question of fact (*Kelly v. Hudson Coal Co.,* 119 Pa. Superior Ct. 405, 179 A. 753) and was peculiarly one for determination by the compensation authorities. It might reasonably have been decided either way by them. Neither this Court nor the court below may usurp the exclusive function of making findings of fact which is the exclusive function of the compensation authorities. The finding by the board, of partial dependency, is supported by legally sufficient and competent evidence.

Judgment affirmed.