Crandall *v.* Downington Iron Works et al., Appellants.

2

Argued September 9, 1958. Before RHODES, P. J., HIRT, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ. (GUNTHER, J., absent).

*Paul H. Ferguson,* with him *J. F. Malone,* for appellants.

*Alan M. Spector,* with him *Gerber and Galfand,* for appellee.

OPINION BY WRIGHT, J., November 14, 1958:

George S. Crandall filed a claim petition under The Pennsylvania Occupational Disease Act,[1] alleging total disability on October 16, 1952, as the result of silicosis. Crandall died on July 13, 1954, and his widow thereafter filed a claim petition alleging that her husband's death was the result of silicosis. The petitions were consolidated for hearing before the Referee, who found that Crandall's disability and subsequent death resulted from silicosis "contracted while in the course of his employment with the defendant after an exposure of more than 5 years to a silica hazard". The awards accordingly made by the Referee were affirmed by the Board and the court below, and appropriate judgments were entered. These appeals followed.

The question involved on this appeal, as stated by counsel for appellants, is as follows: "Is there any evidence in the record which would support a finding that George S. Crandall was exposed to a silica hazard for an aggregate of four years in the eight years next preceding the date of his disability?" This statement is premised on the language of Section 301(d) of the Act as worded and in effect at the time Crandall became totally disabled, and which then read as follows: "Compensation for silicosis . . . shall be paid only when it is shown that the employe has had an aggregate employment of at least four years in the Commonwealth of Pennsylvania during a period of eight years next preceding the date of disability in an occupation hava a silica . . . hazard".[2]

---

[1] Act of June 21, 1939, P. L. 566, 77 P.S. 1201 et seq.

[2] The amendment of February 28, 1956, P. L. (1955) 1095, has reduced the requirement to an aggregate employment of at least two years in the Commonwealth during a period of ten years next preceding the date of disability.

The statute under consideration is to be liberally construed in favor of the employe: *Roschak v. Vulcan Iron Works*, 157 Pa. Superior Ct. 227, 42 A. 2d 280. Our function is to determine whether or not there is substantial evidence to support the findings of the compensation authorities, giving to the claimant, who has the award, the benefit of the most favorable inferences reasonably deducible from the testimony: *Masouskie v. Hammond Coal Co.*, 172 Pa. Superior Ct. 409, 94 A. 2d 55.

"Section 301(d) does not require a claimant to show an aggregate of four 365-day years in order to qualify . . . The Legislature . . . provided the four year minimum period as the line below which disability would not be considered as having resulted from exposure. The provision, however, is a general one, lacking explicit instructions on its application to specific cases. Consequently it is necessary in each case to determine each claim on the basis of its particular facts, keeping constantly in mind the humane purpose of the Act and the mandate to construe and apply it liberally . . . Individual cases, like individual disabilities, must be individually determined. The Legislature intended no strict and unreasonable, cold and arbitrary measure of providing compensation . . . There can be no set mechanical formula laid down which must be applied with mathematical certainty in each and every case, striking down those which fall just below the line and compensating those who come just above it. Nor can we set forth any percentage formula applicable to all cases . . . Such an arbitrary mechanical system would be unreasonable and unfair, in addition to bearing no relationship whatever to a determination of the cause and effect aspect of silicosis": *Milavech v. Berwind-White Coal Co.*, 180 Pa. Superior Ct. 194, 119 A. 2d 652.

In the case at bar, the hourly breakdown prepared by the employer discloses that Crandall was first employed as a helper on the testing floor, and that he worked in such capacity from the week ending January 14, 1945, to the week ending May 5, 1946. Thereafter he was regularly employed part of each working week as a sand blaster and part of each working week as a helper on the testing floor. The sand blasting was performed in a separate building used solely for that purpose, and it was during said portion of his employment that Crandall was exposed to a silica hazard. In the fall of 1951, Crandall was relieved of his sand blasting duties, apparently because he complained that the work interfered with his health. The hourly breakdown shows that he did his last continuous work as a sand blaster during the week ending September 23, 1951. He did not thereafter work in such capacity except for a brief period in the spring of 1952. The total duration of Crandall's employment was from the week ending January 14, 1945 to the week ending October 19, 1952, a period of seven years and nine months. During that time he performed continuous work as a sand blaster from the week ending May 12, 1946, to the week ending September 23, 1951, a period of five years and four months, which is well in excess of the statutory requirement.

The argument of counsel for appellants is set forth in the following excerpt from his brief: "Those records indicate that the claimant performed no sand blasting operations until the week ending May 12, 1946, one and one-third years after beginning work. Except for a brief period of sand blasting in March and April of 1952, the claimant did no sand blasting after the week ending September 23, 1951. In 1946, he spent 31% of his time at sand blasting; in 1947, 35%; in 1948, 29%; in 1949, 31%; in 1950, 30%; in 1951, 27% and

in 1952, 10.4%. During the time that the claimant was employed by the defendant, he spent 24% of his time at sand blasting. From the time of the claimant's employment until his cessation of employment, he did not work during thirty-four weeks in which the defendant's plant was on strike, or the employees were laid off, or for time off for personal reasons. The elapsed time from January 9, 1945 to October 16, 1952, is approximately 403 weeks, of which the claimant worked 369. Twenty-four percent of 369 weeks gives a total of 88½ weeks during which the claimant was occupied as a sand blaster, a period of approximately 1.7 years. Without making any deductions for the periods during which the claimant did not work because the plant was on strike, because of layoffs, or because of personal reasons, the total elapsed time from January 9, 1945 to October 16, 1952, is approximately 7¾ years. The claimant spent 24% of his total working time in the occupation of sand blasting, the only occupation in which he was exposed to a silica hazard. Applying this figure to the total elapsed time would give only 1.86 years in such an exposure".

Appellants rely on *Kraesko v. Black Lick Mining Co.*, 175 Pa. Superior Ct. 455, 106 A. 2d 665, alleging that we therein sustained an award by using a similar method of calculation. However, it was expressly pointed out in our opinion that the facts in each case must determine the nature and extent of a claimant's exposure. President Judge RHODES said: "In the present case there existed an unbroken course of employment by claimant with appellant. It was not based upon 'a mere continuation of the contract of employment' without any exposure. There was an actual exposure of claimant to the silica hazard throughout the entire term of his employment". Such was essentially the situation in the case at bar. The hourly breakdown

shows that for a period of more than five years, as found by the Referee, Crandall spent a considerable portion of his time at sand blasting. It is clearly apparent that he was working consistently in a silica hazard, that his exposure was substantial and constant, and that his aggregate employment therein was over four years.

Appellants also cite *Tokash v. Early Foundry Co.,* 157 Pa. Superior Ct. 467, 43 A. 2d 553, and *Bingaman v. Baldwin Locomotive Works,* 159 Pa. Superior Ct. 29, 46 A. 2d 512, but these cases can be readily distinguished. In the *Tokash* case, the claimant had successive periods of employment, some of which did not involve exposure to a silica hazard, and the Board found that claimant had worked at the job involving a silica hazard for less than four years. In the *Bingaman* case, while claimant's decedent had been employed by the defendant over a total period of five and one-half years, there had been extended intervals during this period when he was either working at farming and lumbering for others or not working at all, so that his total employment for the defendant in a job involving a silica hazard amounted to only three and one-half years.

In order not to prolong this opinion unduly, we will simply state that we are not in accord with appellants' rigid and adverse method of calculation of claimant's actual exposure period. In the words of the court below: "The defendant's present proposed percentage breakdown of decedent's employment is but a thinly disguised repetition of the argument that a claimant must prove 1,460 full days of exposure. We reject such contention. Where a claimant has been actually, continuously and sufficiently exposed to a silica hazard over a period of more than four years, he is entitled to the benefits under the Occupational Disease Act when he becomes a victim of the hazards

of his employment. It is the actuality, regularity and continuity of the exposure which imports the employer's liability, not the number of hours or days so worked. Where the claimant is simultaneously employed in two jobs, one of which yields exposure and the other of which does not, he cannot be required to strain out the moments of exposure; he is entitled to a consideration of the duration of his continuous exposure".

Judgments affirmed.