Krasznay *v*. Milton Ross Metals Co. et al.,
Appellants.

Argued June 10, 1964. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Raymond J. Porreca,* for appellants.

*Norman P. Zarwin,* with him *Zarwin, Prince & Baum,* for appellee.

OPINION BY WRIGHT, J., September 17, 1964:

This is a workmen's compensation case. The employer and its insurance carrier have appealed from an order of Court of Common Pleas No. 3 of Philadelphia County which reversed a decision of the Workmen's Compensation Board and reinstated an award by the Referee.

On March 15, 1960, while employed by Milton Ross Metals as the operator of a vertical injection press, Rosalie Krasznay, the claimant, suffered a "crushing traumatic wound left hand with compound comminuted fractures of second, third and fourth metacarpals". An open agreement was executed calling for payment of compensation for total disability. On April 6, 1962,

the employer filed a petition for termination, alleging that total disability had ceased and that claimant's injuries were limited to the index, middle and ring fingers. This petition was subsequently amended to allege that "claimant's disability resolved itself into loss of use of the left hand". In her answer to the petition claimant averred that she was still totally disabled. After taking testimony at two hearings, the Referee found that claimant was suffering total disability, and made an award accordingly. The employer appealed to the Workmen's Compensation Board alleging that claimant "has loss of use of left hand only and is entitled to compensation for said specific loss under Section 306(c), namely, 175 weeks, plus 20 weeks healing period, subject to credit for payments made of 102 weeks". The Board, finding that there was no injury to any part of claimant's body other than the left hand, granted the termination petition, and made an award in accordance with the employer's theory. The court below took the position that the Board's decision was not supported by competent evidence, and concluded that claimant was entitled to total disability as awarded by the Referee.

The law governing appeals of this nature is well settled. The Referee is only the agent of the Board, and the Board may make such findings as it deems warranted by the evidence: *Dews v. Shmukler*, 199 Pa. Superior Ct. 417, 185 A. 2d 607. If the Board's findings of fact are supported by competent evidence, the lower court does not have power to set aside those findings and reinstate prior findings by the Referee: *Downing v. Leechburg Mining Co.*, 195 Pa. Superior Ct. 574, 171 A. 2d 857. The weight of the evidence is not for the court but for the Board to determine: *Lind v. Argo Lamp Co.*, 198 Pa. Superior Ct. 247, 181 A. 2d 726. It is the prerogative of the Board to weigh the testimony of witnesses and to accept or reject it in whole or in

part: *Peron v. Phoenix Park Coal Co.*, 202 Pa. Superior Ct. 495, 198 A. 2d 370. The court's only function is to decide questions of law and it does not have the right to determine purely factual matters: *Zimmiski v. Lehigh Valley Coal Co.*, 200 Pa. Superior Ct. 524, 189 A. 2d 897. The evidence on appeal must be construed most favorably to the party who prevailed before the Board, and all reasonable inferences must be drawn in support of the findings in his favor: *Birosak v. Shawnee Inn*, 198 Pa. Superior Ct. 652, 184 A. 2d 120.

We have carefully reviewed this original record. It fully supports the Board's finding that claimant had lost the use of her left hand for all practical intents and purposes, see *Verna v. Stabler*, 204 Pa. Superior Ct. 87, 203 A. 2d 578, and that there was "no injury or deficiency in any other part of claimant's anatomy causing a disability separate from the loss of use of the left hand". Dr. Kaplan testified that claimant's ring finger was missing, the middle and index fingers badly bowed, and the little finger weakened, but that claimant had a full range of wrist, elbow and shoulder motion. He expressed the opinion that, even though the thumb was normal, "she has a major loss for industrial use". The court below made a detailed analysis of Dr. Kaplan's testimony and apparently reasoned that, since the entire hand had not been lost from a physical standpoint, claimant was entitled to total disability, notwithstanding the fact that there was no injury to any other part of claimant's body. We are not in accord with this conclusion.

A member does not necessarily need to be amputated for the injury to cause total loss: *Conley v. Allegheny County*, 131 Pa. Superior Ct. 236, 200 A. 287. In *Chovic v. Pittsburgh Crucible Steel Co.*, 71 Pa. Superior Ct. 350, the character of the injury and the condition which resulted was not unlike that in the case at bar. We affirmed an award for loss of use of the

hand, stating that the Board's finding in this regard was one of fact, and not a conclusion of law for review by the court. See also *Hager v. Maryland Casualty Co.*, 87 Pa. Superior Ct. 159; *Jones v. Heintz Manufacturing Co.*, 104 Pa. Superior Ct. 30, 159 A. 73; *Morrow v. James S. Murray & Sons*, 136 Pa. Superior Ct. 277, 7 A. 2d 109. The cases relied upon by claimant are readily distinguishable. For instance, in *Spina v. Gahagan Construction Corp.*, 184 Pa. Superior Ct. 420, 135 A. 2d 760, there was an injury not only to claimant's leg, but also to his back. Other cases cited[1] do not require separate discussion.

Claimant also seeks to sustain the award of compensation for total disability on the ground that she is a nondescript and unemployable, citing *Morgan v. Pittsburgh Business Properties*, 198 Pa. Superior Ct. 254, 181 A. 2d 881. It is a sufficient answer to point out that the employer's office manager testified that full-time employment at an equal wage was available for claimant in the testing department. This testimony is supported by a letter in the record.

The extent of physical disability is a complex factual matter dependent upon many variables and the determination of this question is within the province of the compensation authorities: *Bobbouine v. Rex Shoe Co.*, 200 Pa. Superior Ct. 273, 188 A. 2d 848. It was not within the province of the court below to arrive at a different conclusion from that reached by the Board, notwithstanding the personal view of the learned hearing judge: *Gallihue v. Auto Car Co.*, 184 Pa. Superior Ct. 598, 135 A. 2d 817. And see *Curran v. Knipe & Sons*, 185 Pa. Superior Ct. 540, 138 A. 2d 251.

[1] *Unora v. Glen Alden Coal Co.*, 377 Pa. 7, 104 A. 2d 104; *Lente v. Luci*, 275 Pa. 217, 119 A. 132; *Cohen v. Doubleday and Co.*, 191 Pa. Superior Ct. 106, 155 A. 2d 378; *Fox v. American News Co.*, 190 Pa. Superior Ct. 74, 151 A. 2d 670; *Niemi v. Asplundh Tree Expert Co.*, 154 Pa. Superior Ct. 600, 36 A. 2d 851.

The order of the court below is reversed, and the award of the Workmen's Compensation Board is reinstated.