McCafferty *v.* Masten Transportation, Inc. et al., Appellants.

Argued March 17, 1965. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, and HOFFMAN, JJ. (FLOOD, J., absent).

*Raymond J. Porreca,* for appellants.

*Arnold H. Rosenberg,* with him *Charen, Palitz and Davidian,* for appellee.

OPINION BY WRIGHT, J., April 15, 1965:

This is a workmen's compensation case. The Referee made an award in favor of the claimant. The Board reversed the Referee and dismissed the claim petition. The court below reversed the Board and entered judgment in accordance with the Referee's award. This appeal followed.

The record discloses that claimant's husband, Charles McCafferty, was employed by Masten Transportation, Inc. (Masten), on weekends as a night watchman. His compensation from Masten was $27.60 per week. The Masten terminal had formerly been located at 3600 East Thompson Street in the City of Philadelphia, but had been moved on Friday, October 13, 1961, to a new terminal building at 4185 East Thompson Street. McCafferty was also employed on weekends as a part-time watchman or spot checker by three other transportation companies in the neighborhood. He received $10.00 per week from Lombard Brothers, an establishment located on East Thompson Street directly across from the former Masten terminal. He also received $10.00 per week from Interstate Motor Freight at Headly and Bath Streets, and $7.00 per week from B. & P. Motor Express at Castor and Bath Streets. McCafferty spent the evening of October 15, 1961, working for Masten at the new building. His shift terminated at midnight, and he left the building shortly thereafter. About 3:00 A.M., at or

near the curb along the side of the former Masten terminal building, McCafferty was struck in the face by one George Aichroth. There was medical testimony that, because of a severe arteriosclerotic heart condition, the blow precipitated cardiac arrest and caused McCafferty's death. Aichroth subsequently entered a plea of guilty to a charge of involuntary manslaughter.

The decision of the Board was based upon the following finding of fact: "That decedent's fatal injury occurred off the defendant's premises and not while in the course of his employment with defendant". In reversing the decision of the Board, the court below made the following statement: "This court has completely reviewed the record in this case and is convinced that the finding of the Referee was correct and amply supported by the evidence".

It is at once apparent that the lower court was under a misapprehension as to the scope of judicial review. Here pertinent is a statement from our opinion filed this day in *Mohler v. Cook*, 205 Pa. Superior Ct. 232, 209 A. 2d 7, as follows: "Where the Board has found against the party having the burden of proof, the question on appeal is whether there has been a capricious disregard of competent evidence . . . The Referee is only the agent of the Board and the lower court does not have power to set aside the Board's findings and reinstate prior findings by the Referee". The determination of factual matters is for the Board, and it is not the province of the reviewing court to weigh conflicting testimony or to decide what inferences should be drawn therefrom: *Krasznay v. Milton Ross Metals Co.*, 204 Pa. Superior Ct. 94, 203 A. 2d 393. See also *Rodgers v. Methodist Episcopal Hospital*, 188 Pa. Superior Ct. 16, 145 A. 2d 893; *Malky v. Kiskiminetas Valley Coal Co.*, 278 Pa. 552, 123 A. 505.

It was claimant's burden to prove all of the elements necessary to support an award, and it was for

the Board to determine from the evidence whether claimant had sustained her burden: *McFarlane v. Mellon-Stuart Co.*, 205 Pa. Superior Ct. 66, 208 A. 2d 40. While it is true, as argued by claimant's counsel, that the appellate court may determine whether the law has been properly applied to the facts, *Adams v. Dunn*, 192 Pa. Superior Ct. 319, 162 A. 2d 42, the determination of those facts was for the Board. The evidence must be viewed in the light most favorable to the employer: *Lind v. Argo Lamp Co.*, 198 Pa. Superior Ct. 247, 181 A. 2d 726. Had Masten completed its moving operation? Did McCafferty have any duties to perform at the old building? Had his work shift terminated? Had he been sweeping? Was he in the neighborhood because of his duties for another employer? What were the circumstances surrounding the assault by Aichroth? Was McCafferty then engaged in the furtherance of Masten's business? The pivotal issues of fact were determined by the Board adversely to the claimant. We are all of the opinion that, in so doing, the Board did not capriciously disregard competent evidence.

In *Kirker v. W. M. McIntosh Co.*, 156 Pa. Superior Ct. 199, 39 A. 2d 846, cited in claimant's brief, judgment on an award in favor of the claimant was reversed. Incidentally, none of the facts in that case were in dispute. We will not prolong this opinion by separately discussing each of the other cases cited.[1] Suffice it to say that they do not control the instant

---

[1] *Wiles v. American Oil Co.*, 105 Pa. Superior Ct. 282, 161 A. 467; *Dunphy v. Augustinian College of Villanova*, 129 Pa. Superior Ct. 262, 195 A. 792; *Haas v. Brotherhood of Transportation Workers*, 158 Pa. Superior Ct. 291, 44 A. 2d 776; *Kramer v. Philadelphia*, 179 Pa. Superior Ct. 129, 116 A. 2d 280; *Mitchell v. Holland Furnace Co.*, 189 Pa. Superior Ct. 82, 149 A. 2d 662; *Dupree v. Barney*, 193 Pa. Superior Ct. 331, 163 A. 2d 901; *Henry v. Lit Brothers*, 193 Pa. Superior Ct. 543, 165 A. 2d 406.

appeal. Notwithstanding our sympathy for this claimant, we are required to hold that the court below erred in disturbing the Board's decision.

Judgment reversed, and here entered for the appellants.