Walker *v.* Heavey et al., Appellants.

Argued March 21, 1966. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*Lowell A. Reed, Jr.,* with him *J. Grant McCabe,* and *Rawle & Henderson,* for appellants.

*James J. DeMarco,* for appellee.

OPINION BY WRIGHT, J., May 16, 1966:

This is a workmen's compensation case. On September 12, 1961, Annas Walker, an employe of Charles D. Heavey, received a fatal injury when he fell from a scaffold. His widow, Minerva Walker, filed a claim petition alleging partial dependency. The Referee made an award which was affirmed by the Board. The court below dismissed an appeal by the employer, and entered judgment for the claimant. The employer and his insurance carrier have now appealed to this Court.

After taking testimony at three hearings, the Referee made the following findings of fact, inter alia: "6. That the decedent left to survive him his widow, Minerva Walker, whom he married on June 29, 1952, and was actually dependent upon and receiving from the decedent a substantial portion of her support at the time of his death. 7. That the decedent left the Claimant's household on April of 1959, but from then until the time of death the decedent contributed an average of $25.00 per week[1] toward the support of the

---

[1] The Board corrected this figure to $20.00 per week.

Claimant and her children and grandchildren; that the Claimant's allegation of support is further supported by the preponderance of testimony to the effect that the Claimant and decedent continued to cohabit as man and wife on week-ends to the time of the decedent's death".

Appellants' basic contention is that the Referee's findings, affirmed by the Board, are not supported by substantial competent evidence. They argue that the claimant failed to establish that she was personally dependent upon the decedent and received from him a substantial portion of her own support. The question before us is whether the compensation authorities were warranted in holding that claimant qualified as a dependent under Section 307(7) of The Pennsylvania Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, 77 P.S. 562, which reads in pertinent part as follows: "No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support". We have made a painstaking review of the voluminous record. No useful purpose would be served by detailing the conflicting testimony. It is summarized in the Board's opinion as follows:

"The facts indicate that claimant and decedent moved into a 9-room, 3-story house in December, 1956 with 7 children and grandchildren. At that time, both claimant and decedent were employed. Both claimant and decedent made arrangements for the lease, and the purchasing of furniture and clothing for the family was incurred on the credit of both deceased and claimant. The facts further show that decedent left the home voluntarily in April, 1959 but that he occasionally returned for week-ends and stayed with claimant.

Decedent occasionally would make repairs to the home and gave to the claimant an average of $20.00 per week. Claimant testified that after decedent started to stay away in April, 1959 she asked him for money and that there were no support arrangements existing between them but that every time claimant needed money the decedent would either bring it to her or would send it. Again, it was testified that the claimant sent to decedent for money when she needed it and that she used his money between the years 1952 and 1959 in order to support herself and the children and that when decedent lived with his wife he supported the entire household. . .

"Claimant stated that she did not know whether she would be able to live on her salary alone, which was $3637.89 for the year 1961, because of the expenses involved in maintaining her present home, which home she had originally occupied with the decedent. The deceased continued to provide substantial payments toward the expenses of the household after he left in April, 1959 and it was not until his death that claimant began to experience difficulty in payment of the household expenses. In all likelihood, claimant could probably have supported herself on her salary provided she was living in less expensive surroundings. Her situation, however, must be viewed in the light of the family circle and with the various obligations which she had to meet".

It is of course required that a claimant in a compensation case must prove all of the elements necessary to support an award: *McCafferty v. Masten Transportation, Inc.*, 205 Pa. Superior Ct. 239, 209 A. 2d 11. However, the issue of dependency is peculiarly a question of fact for the compensation authorities to determine: *Gaich v. Kerlin Construction Co.*, 170 Pa. Superior Ct. 535, 85 A. 2d 642. The function of the court on appeal is to determine whether or not there is sub-

stantial evidence to support the findings of the compensation authorities, giving to a claimant who has the award the benefit of the most favorable inferences reasonably deducible from the testimony: *Crandall v. Downingtown Iron Works,* 188 Pa. Superior Ct. 1, 146 A. 2d 312. It is the prerogative of the compensation authorities to weigh the testimony of witnesses and to accept or reject it in whole or in part: *Krasznay v. Milton Ross Metals Co.,* 204 Pa. Superior Ct. 94, 203 A. 2d 393.

No rigid rule can be laid down as to the amount or character of evidence necessary to show dependency, and each case must be controlled by its own circumstances: *Morris v. Yough Coal & Supply Co.,* 266 Pa. 216, 109 A. 914. "While dependency must be actual it is not necessary that it be exclusive; it must be real but need not be total . . . Dependency does not mean sole and exclusive support. The receipt of support by the wife where the parties are separated indicates dependency under ordinary circumstances": *Walker v. Aluminum Company of America,* 185 Pa. Superior Ct. 355, 138 A. 2d 197. In our opinion in the case of *Confer v. Herbert R. Imbt,* 191 Pa. Superior Ct. 74, 155 A. 2d 382, we made an exhaustive review of the decisions under the 1939 amendment. In concluding that the Board was justified in making an award under the special facts in that case, we pointed out that the statute is remedial in nature and is to receive a liberal construction.

Appellants stress the fact that, from the time decedent left the home until the date of his death, the claimant continued to live in and maintain the three-story nine-room house in which she and the decedent had resided prior to the separation. It is argued that she could have supported herself on her own wages in a less ostentatious abode. However, support must be defined in the terms of the living standards and circum-

stances of life of the individual involved. As stated in *Walker v. Aluminum Company of America*, supra, 185 Pa. Superior Ct. 355, 138 A. 2d 197: "There are no specific requirements that a claimant must depend upon her husband's contributions in order to maintain a bare subsistence of life". Prior to the death of her husband, claimant was able, by combining her wages with the contributions made by the decedent, to maintain the standard of living which she had enjoyed prior to the separation. After her husband's death, she experienced difficulty in meeting her expenses.

Appellants rely on a number of cases in which the Board found against the claimant. The principle governing appellate review in such a situation has been repeatedly stated to be that, where the Board has found against the party having the burden of proof, the question on appeal is whether there has been a capricious disregard of competent evidence: *Mohler v. Cook*, 205 Pa. Superior Ct. 232, 209 A. 2d 7. In the case at bar, however, the compensation authorities made findings in favor of the party having the burden of proof. We agree with the court below that there is sufficient competent evidence in this record to support these findings. In the words of Judge GLEESON: "We believe that the record before us permitted the Board to find, as it did, that decedent's contributions to claimant constituted a substantial portion of her support. The circumstances of this case suggest that decedent was satisfied to maintain claimant's standard of living as it was when he left the marital home. Such inferences are sufficient to sustain the decision of the Board".

Judgment affirmed.

CONCURRING OPINION BY ERVIN, P. J.:

I concur in the result reached by the majority in this case because of the finding by the referee and affirmed by the board "that the claimant and decedent

continued to cohabit as man and wife on weekends to the time of the decedent's death."

I do not agree with the majority, however, that the claimant was receiving from the decedent at the time of his death "*a substantial portion of her support.*" (Emphasis supplied) In *Carter v. Vecchione,* 183 Pa. Superior Ct. 595, 133 A. 2d 297, I considered the language of the 1939 amendment to the Workmen's Compensation Act (Act of June 21, 1939, P. L. 520, §1, 77 PS §562), wherein it was made mandatory that the claimant must be "receiving from him a substantial portion of her support." I also quoted from Webster's New International Dictionary, Second Edition, Unabridged, the language to show the meaning of the word "substantial." See also my dissenting opinion in *Walker v. Aluminum Co. of America,* 185 Pa. Superior Ct. 355, at page 360, 138 A. 2d 197. What I then said in those opinions I believe would be applicable to the present case were it not for the fact that the record indicates that the claimant continued to live and cohabit with the decedent up to the time of his death.

MONTGOMERY, J., joins in this opinion.