Margaret Edwards, Widow of Elliott Edwards, Deceased *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Philadelphia Gas Works, Respondents.

Submitted on briefs, December 11, 1980, to Judges CRAIG, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*Vincent M. Lorusso,* for petitioner.

*Nicholas J. Lisi,* with him *Hal A. Barrow,* of counsel, *Solo, Padova & Lisi,* for respondents.

OPINION BY JUDGE CRAIG, January 23, 1981:

Claimant-widow Margaret Edwards appeals an order of the Workmen's Compensation Appeal Board affirming a referee's denial of benefits under Section 307 of The Pennsylvania Workmen's Compensation Act,[1] which makes compensation payable to the widow, if living apart from the deceased worker, only if she was "actually dependent" upon him for a substantial portion of her support.

Claimant's husband died as a result of being struck by a truck in the course of his employment with Philadelphia Gas works on December 7, 1976. The decedent and claimant, who were married on November 23, 1942, had been separated since 1968, although they had not obtained a divorce. At the time of his death, decedent was providing claimant with $20 per week support, pursuant to court order. Since early 1962, decedent had lived with another woman, who bore him three children; the youngest of those children was still a minor at decedent's death.

Claimant filed a fatal claim petition pursuant to Section 307 of the Act. At the hearing, she testified that her income as a domestic worker was $100 per week; based on testimony concerning her yearly expenditures, the referee found that claimant's expenses were roughly $83 per week. Because her income ex-

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §562, which reads, in pertinent part:

No compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support.

ceeded expenses by $17 per week, the referee conclud-
ed that claimant was neither actually dependent upon
decedent nor did she receive a substantial portion of
her support from him.

Claimant raises two issues on this appeal. First, she
contends that the referee's conclusion was in error; she
claims that the $17 weekly excess of her salary over
her calculated expenses should not deprive her of
eligibility. In support of her argument that she was ac-
tually dependent upon decedent, claimant asserts that
the referee should have considered her federal, state
and local wage tax liability, and also the potential cost
of obtaining medical insurance, in calculating her ex-
penses.

Whether claimant was actually dependent upon
decedent and was receiving from him a substantial
portion of her support is a question for the factfinder.
*Workmen's Compensation Appeal Board v. Jones &
Laughlin Steel Corp.*, 23 Pa. Commonwealth Ct. 87,
351 A.2d 333 (1976). The burden was on the claimant
to prove all the elements necessary to support an
award. *Walker v. Heavy*, 207 Pa. Superior Ct. 528,
219 A.2d 466 (1966).

Therefore, our review is limited to a determination
of whether the referee capriciously disregarded compe-
tent evidence. *Draco Development Corp. v. Work-
men's Compensation Appeal Board*, 11 Pa. Common-
wealth Ct. 41, 312 A.2d 463 (1973).

Claimant testified that she had not paid any taxes
on her wages since 1971; she had no medical insurance
coverage, and thus no premiums to pay, at the time of
her husband's death.

Hence, we fail to see how theoretical costs, not in
fact met, could be considered part of claimant's actual
expenses.

In alleging dependency, claimant did not state that
she needed the $20 per week support payment for food

or other necessities, *Urso v. Workmen's Compensation Appeal Board*, 39 Pa. Commonwealth Ct. 184, 394 A.2d 1322 (1978), or that her ability to meet her expenses was more difficult after her husband's death, *Walker, supra.*

Despite the general rule that receipt of support by a wife where the parties are separated indicates dependency under normal circumstances, *Walker v. Aluminum Company of America*, 185 Pa. Superior Ct. 355, 138 A.2d 197 (1958), we find ample evidence in the record to support the referee's conclusion that the decedent's payments to claimant did not constitute a substantial portion of her support. Finding no capricious disregard of evidence, we affirm the determination of ineligibility.

Claimant's second contention is that the referee erred in failing to award her a proportionate share of the $1,500 burial benefit paid by the employer under Section 307 of the Act.[2]

Whether this issue was raised below is not clear from the board's opinion; failure of the claimant to do so would preclude our consideration. Pa. R.A.P. 302(a).

However, we may nevertheless dispense with claimant's contention by noting that the applicable section, provides that burial expenses "shall be paid by the employer ... directly to the undertaker." The total expenses of $2,233.76 represents billing by two undertakers: one in Philadelphia, contracted by the children's mother, for $1,527.84, and the other in Georgia, contracted by claimant, for $705.92.

The clear language of the section precludes interpretation that a decedent's widow or dependents are entitled to the benefits. Claimant does not allege that the Philadelphia undertaker was not entitled to reim-

---

[2] 77 P.S. §561(7).

bursement under the section; rather, she argues only that the benefit should have been "equally apportioned between herself and [the children's mother] as their interests appear", but the section does not provide for any apportionment at all.

We affirm the decision.

ORDER

AND Now, January 23, 1981, the order of the Workmen's Compensation Appeal Board, dated July 12, 1979, No. A-76620, is affirmed.