524 A.2d 1078

Bonnie L. Cyga, Widow of Joseph M. Cyga, Deceased, Petitioner *v.* Workmen's Compensation Appeal Board (Shade Mining Company), Respondents.

Argued March 23, 1987, before Judges Craig and Doyle, and Senior Judge Narick, sitting as a panel of three.

*Patricia A. Rodgers, Rodgers, Rodgers, Morava and Cullis, P.C.,* for petitioner.

*George Thompson,* with him, *Paul E. Sutter, Tillman & Thompson,* for respondents.

Opinion by Judge Doyle, April 30, 1987:

Bonnie L. Cyga (Claimant) has filed a petition for review of an order of the Workmen's Compensation Appeal Board (Board) denying her death benefits following the death of her former husband, Joseph M. Cyga (Decedent). We affirm.

The facts are not in dispute. Claimant and Decedent were married on August 21, 1971. This bond was severed by a Decree of Divorce entered by the Court of Common Pleas of Somerset County on March 1, 1983,

which became final on March 31, 1983. Embodied in the decree was an agreement entered into by both parties which included a property settlement, alimony for Claimant, and child support for their two minor children. Decedent was employed by the Shade Mining Company (Employer). On April 25, 1983 the Decedent died in a work-related accident. Claimant filed a Fatal Claim Petition on July 11, 1983 for death benefits for herself and Decedent's two children. Employer has recognized its obligation to pay compensation on behalf of Decedent's children pursuant to an Agreement of Compensation Payable.

Following a hearing the referee found that Claimant was not the Decedent's wife at the time of his death because she was divorced from him, and that she was not, therefore, eligible as a widow for death benefits under Section 307 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §561. On appeal the Board affirmed the referee's decision. This appeal followed.

Pursuant to Section 307 of the Act, 77 P.S. §561, "widows" are persons eligible for compensation upon the death of an employee. Section 307 of the Act, 77 P.S. §562[1] reads in relevant part:

> [n]o compensation shall be payable under this section to a widow, unless she was living with her deceased husband at the time of his death, or was then actually dependent upon him and receiving from him a substantial portion of her support.

Claimant contends that the issuance of a divorce decree should not terminate her right to death benefits

---

[1] Originally, Section 307 of the Act was editorially divided into four sections, but was subsequently merged into three by the Act of December 5, 1974, P.L. 782. The provisions of Section 307 of the Act now appear at 77 P.S. §§542, 561 and 562.

under the Act because she was financially dependent on her former husband as evidenced by the settlement agreement embodied in their divorce decree. She contends that since the settlement agreement was embodied in the divorce decree and therefore could not be modified, she is entitled to workmen's compensation benefits arising from the death of her former husband.

That Claimant was financially dependent upon the Decedent is not in dispute. This, however, is insufficient to establish Claimant's eligibility for death benefits under the Act. It is Claimant's burden to prove that when Decedent died she was his widow *and* that she either lived with him or was dependent upon him. *See Edwards v. Workmen's Compensation Appeal Board,* 56 Pa. Commonwealth Ct. 287, 424 A.2d 616 (1981).

There is simply no merit to Claimant's argument that proving that she was financially dependent upon the deceased qualified her for death benefits under the Act, without proof that she was also his widow. The Act states that to be eligible, the *"widow"* a) must have been living with her deceased "husband," or b) financially dependent upon him at the time of his death. Accepting Claimant's argument would require us to write the word "widow" out of the Act. We cannot do this. When the words of a statute are clear, the letter is not to be disregarded under the pretext of pursuing its spirit. *Schneck v. City of Philadelphia,* 34 Pa. Commonwealth Ct. 96, 383 A.2d 227 (1978). The definition of the word "widow" is "a woman who has lost her husband by death and has not since remarried." *Webster's Third New International Dictionary,* 2614 (1986). Claimant simply was not the Decedent's widow, and indeed, admitted on cross-examination that she was not the widow of the Decedent. (N.T. 23).

Claimant relies on *Burgess Construction Co. v. Lindley,* 504 P.2d 1023 (Alaska 1972), for the proposition

that a divorced woman can be the "widow" of her former husband for purposes of the Act. The facts in *Burgess*, and the statutory law of Alaska, are, however, clearly distinguishable. In *Burgess* the workman and his wife were divorced, but had resumed living together at the time of his work-related death. The divorce decree required the workman to pay support to his former wife. Unlike Pennsylvania, Alaska does not recognize common law marriage. The Alaska workmen's compensation act, however, defines "married" to include "someone who is divorced but is required by the decree of divorce to contribute to the support his former wife." The Alaska court held that under these facts the claimant was married for the purposes of the Alaska workmen's compensation act.

Just as we have held that a woman claiming to be the common law wife of a deceased employee must prove that there was in fact a common law marriage in order to qualify for death benefits under the Act, *Bowden v. Workmen's Compensation Appeal Board*, 31 Pa. Commonwealth Ct. 476, 376 A.2d 1033 (1977); *David v. Bellevue Locust Garage*, 12 Pa. Commonwealth Ct. 602, 317 A.2d 341 (1974), Claimant here must also show that she was in fact married in some manner to the Decedent before she can be eligible for death benefits under the Pennsylvania Act. Since the record discloses no evidence that Claimant and Decedent were in fact even living together after their divorce, we hold that Claimant was not the Decedent's widow and therefore is not eligible for benefits under the Act.

Accordingly, the decision of the Workmen's Compensation Appeal Board is affirmed.

## ORDER

Now, April 30, 1987, the order of the Workmen's Compensation Appeal Board, No. A-87067, dated March 17, 1986 is hereby affirmed.